[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 6, 1994, the plaintiff, Mountain Brook Owner's Association, Inc. (Mountain Brook), filed a single count complaint sounding in foreclosure against the defendant, Sally Saldamarco. Lafayette American Bank and Trust Company, f/k/a American National Bank, and Michael DeMartino, d/b/a Demars Landscaping, are also named as defendants because they are allegedly subordinate lien holders.
Mountain Brook alleges the following facts. By way of a deed dated May 18, 1988, Saldamarco acquired title to lot #8 in the Mountain Brook Estates subdivision in Cheshire, Connecticut. By CT Page 7152 way of a deed dated July 10, 1988, Saldamarco also acquired lot #7. Saldamarco acquired both lots subject to the terms of an agreement and its subsequent modification, both of which were recorded in the Cheshire Land Records in 1968. The modification agreement requires every purchaser or their successors or successors in title to pay a proportionate share of maintaining the common areas of the Mountain Brook Estates subdivision, as assessed annually by Mountain Brook.
Saldamarco has not paid her assessment due for lot #7, in the amount of $871.21, for 1989. Saldamarco also has not paid her assessment of $871.21 for each lot for 1990-92, inclusive. In addition, Saldamarco has not paid her assessment for each lot for 1993.
On November 9, 1994, Saldamarco filed an answer along with one special defense. Saldamarco alleges in the special defense that "[t]he plaintiff is time barred from collecting any assessment, costs, fees, interest and expenses associated there with already due prior to January 11, 1992 in accordance with the provisions of Connecticut General Statutes Section 47-258(e)." On January 10, 1995, Mountain Brook filed a reply to Saldamarco's special defense, denying "each and every allegation."
On January 17, 1995, Mountain Brook filed a motion for summary judgment against Saldamarco as to liability only. Mountain Brook included a memorandum of law in support of its motion along with certified copies of the agreement and the modification agreement. Saldamarco filed a memorandum of law, dated March 20, 1995, in opposition to Mountain Brook's motion.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, CT Page 7153 105, 639 A.2d 507 (1994). In particular, Practice Book § 385 provides in pertinent part that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages."
Initially, no genuine issue of material fact as to liability exists in the present case. Saldamarco admits not paying the assessments in her answer. Moreover, both parties have briefed only the legal issue of whether the two-year statute of limitations of § 47-258(e) applies in the present case.
In support of its motion, Mountain Brook argues that General Statutes § 47-258(e) does not bar its claims for the liens on Saldamarco's lots prior to and including 1992. Specifically, Mountain Brook argues that applying the two-year statute of limitations under § 47-258(e) would invalidate paragraph three of the modification agreement, which provides that the liens exist "until they are paid" and therefore, pursuant to the last clause of General Statutes § 47-216, section 47-258(e) should not apply.
In opposition, Saldamarco argues that the two year limitations period of § 47-258(e) bars Mountain Brook's claims for 1989-92, inclusive. Specifically, Saldamarco argues that the last clause of § 47-216 is the legislature's indication that this section is procedural rather than substantive in nature.
Section 47-258(e), which is part of the Common Interest Ownership Act, provides in pertinent part that "[a] lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within two years after the full amount of the assessments becomes due. . . ." Section 47-216 governs the applicability of the Common Interest Ownership Act to pre-existing common interest communities.
"`Common interest community' means real property described in a declaration with respect to which a person, by virtue of his ownership of a unit, is obligated to pay for . . . maintenance of . . . any other real property other than that unit described in the declaration." General Statutes § 47-202(7). "`Declaration' means any instruments, however denominated, that create a common interest community, including any amendments to those instruments." General Statutes § 47-202(13).
The Mountain Brook Estates subdivision is a "common interest community" because the agreement and modification agreement, both CT Page 7154 of which were recorded in 1968, describe real property in which the lot owners are required to pay a proportionate share of maintaining the common areas of the Mountain Brook Estates subdivision, as assessed annually by Mountain Brook. The modification agreement constitutes a "declaration" because the modification agreement is an amendment of the instrument that created a common interest community.
Section 47-216 provides in pertinent part that "section . . .47-258 . . . appl[ies] to all common interest communities created in this state before January 1, 1984; but . . . [it] appl[ies] only with respect to events and circumstances occurring after January 1, 1984, and do[es] not invalidate existing provisions of the declaration, bylaws or surveys or plans of those common interest communities."
"When construing a statute, [the court] do[es] not interpret some clauses in a manner that nullifies others, but rather read[s] the statute as a whole and so as to reconcile all parts as far as possible." (Internal quotation marks omitted.) StatewideGrievance Committee v. Rozbicki, 211 Conn. 232, 241, 558 A.2d 986
(1989). In light of this canon of statutory construction, for § 47-258(e) to apply in the present case, § 47-216 requires two things.[1] First, the events and circumstances at issue must have occurred after January 1, 1984. Second, application of § 47-258(e) cannot invalidate existing provisions of the declaration, bylaws or surveys or plans of those common interest communities.
It is undisputed that the liens occurred after January 1, 1984. However, application of § 47-258(e) will invalidate paragraph three of Mountain Brook's modification agreement, which provides the following:
 3. Every purchaser or their successors or successors in title shall also pay the ASSOCIATION, annually, on the 15th day of January of each year, a proportionate share of the cost of maintaining the private roads belonging to the ASSOCIATION . . . said payments shall, if they are not paid on the date when they are due and payable, be liens upon the land of each said property owners and his or their successors in title until they are paid. Said liens shall apply to all property owners regardless of whether they may have resigned CT Page 7155 their membership in the ASSOCIATION. . . .
(Emphasis added.)
Regardless of whether § 47-216 is procedural or substantive, application of § 47-258(e) will nullify paragraph three of Mountain Brook's modification agreement by extinguishing those liens that Mountain Brook failed to enforce within two years rather than allowing the liens to exist "until they are paid." Because the second requirement under § 47-216 is not satisfied, § 47-258(e) does not apply.[2] Mountain Brook's motion for summary judgment as to liability only against Saldamarco is granted.
Donald W. Celotto State Trial Referee